BEFORE THE THIRD DIVISION, JULY 8, 1960

No. 64376.—Davies Turner & Company and Pacific Wine Company *v*. United States, protests 58/1955–9666 and 309871–K/8792 (Chicago).

DONLON, Judge:   These cases were before us on prior submission.   As reported in 43 Cust. Ct. 195, C.D. 2126, we held that the cartage charges which plaintiffs were required to pay to the Chicago collector should not be in excess of a

reasonable charge for the services performed. In order to afford the parties the opportunity of adducing further evidence as to what are reasonable charges for the cartage services rendered, submission was set aside and the consolidated cases were restored to the Chicago trial docket.

When called in Chicago on May 4, 1960, both the plaintiffs and defendant stated they had no evidence to present. The cases were resubmitted and are now before us on the original record. We are to determine what charges are reasonable for the services performed.

In protest 309871–K, the merchandise was 500 cases of wine. Cartage was from Calumet Harbor, 130th Street, Chicago, to the Chicago Custom House. The collector exacted $566.50 for this cartage.

Evidence adduced by the testimony of plaintiffs' witnesses shows a range of charges for carting 500 cases of wine between the described points, varying from a low of 8 cents per case to "close to 20 cents per case." As to this merchandise, plaintiffs have not proved their protest claim that a cartage charge of 10 cents is the highest reasonable charge. However, they have proved that a rate for this particular cartage in excess of 20 cents per case is not reasonable. For 500 cases, that would be $100. The collector exacted $566.50. The difference, $466.50, was improperly exacted.

The merchandise of protest 58/1955 was 109 cartons of electronic amplifiers. Cartage was from the freight house of the Wabash Railroad, 79th Street and Richmond, in Chicago, to the Chicago Custom House. The collector exacted $140.61 for this cartage.

The record is not so clear as to what charge is reasonable for this cartage. Plaintiffs' witness, employee of a firm engaged in the business of carting, expressed the opinion that for special pickup and delivery of this merchandise, between the described points, the charge would be $12 or $15. For carting these same 109 cartons away from the Custom House to the importer's place of business, about one-eighth the distance of the cartage from the Wabash freight house to the Custom House, the actual charge was $14.11. This was for a special pickup to save on storage charges. While distance is a factor in computing charge, the witness said that the rate is $6 per hour for the truck and driver, but charge is affected by the quantity and type of merchandise, or if service is special.

As to this merchandise, plaintiffs have not proved their protest claim that a cartage rate of 12 cents per carton is reasonable. That would be $13.08. It has made out a *prima facie* case that a charge in excess of $15 would be unreasonable, and defendant has not proved otherwise. The collector exacted $140.61. The difference, $125.61, was improperly exacted.

Judgment will be entered directing refund of the overcharges.